# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW TODD KANFER,<br>　　　　　　Plaintiff,<br>　　　　v.<br><br>COMMERICAL  ACCEPTANCE<br>COMPANY,<br>　　　　　　　Defendant. | **Case No.:**<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Andrew Todd Kanfer, the Plaintiff herein, by his attorneys, as and for his complaint against the Defendant COMMERCIAL ACCEPTANCE COMPANY ("CAC"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. The Plaintiff is a natural person and resident of the State of New York.

6. Defendant transacts business in the Southern District of New York, therefore, jurisdiction is established.

## PARTIES

7. At all relevant times, Plaintiff Andrew Todd Kanfer has resided in the State of New York.

8. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

9. Defendant Commercial Acceptance Company was and is a foreign limited liability company that did transact, and does now presently transact business in the State of New York.

10. Upon information and belief, the principal purpose of CAC is the collection of debts the consumer reporting agencies, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. CAC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

13. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

14. Plaintiff adopts and realleges the foregoing as fully restated herein.

15. Prior to the commencement of this action, Plaintiff was alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

17. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendant.

18. At no time has Plaintiff owed any debt to Defendant.

19. At no time has Plaintiff had any accounts open with Defendant.

20. At no time has Plaintiff had any personal credit accounts with Defendant.

21. At no time has Plaintiff had any personal business relationship with Defendant.

22. At no time has Defendant been in possession of a signed contract between Plaintiff and any other entity.

23. At no time was Defendant in possession of documents which would have duly conferred upon Defendant the legal standing to collect any debt from Plaintiff.

24. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

25. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

26. Consequently, Defendant began its collection efforts to collect said debt from Plaintiff.

27. On or around October 16, 2020, Plaintiff reviewed his personal credit file maintained by Experian Information Solutions, Inc., ("Experian") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

28. Defendant's representations to Experian are "communications" in an attempt to collect a debt as that term is defined Experian Union report, Defendant reported that Plaintiff opened an account with CAC on June 18, 2020.

29. Defendant's representations to Experian were false and deceptive because Defendant does not report this date as the date the account was opened with the original creditor. Defendant instead creates the false narrative that CAC is the original creditor that Plaintiff opened the account that resulted in the alleged debt.

30. CAC's reporting to Experian, in regards to the date the account was opened is patently false because there is no credit agreement or contract between CAC and the Plaintiff.

31. CAC is clearly engaging in the practice of "re-aging" of the account, in which it creates the false narrative that the account is a new account in order to restart the statutes of limitation for collection and credit reporting, thus extending the length of time the derogatory account can appear on a consumer's credit report.

32. Within the Experian report, Defendant reported that the alleged account type was "collection". This representation to Experian were false and deceptive because "collection" is not an account type.

33. Additionally, within the Experian report, CAC represents in the payment history of the alleged account that it went into collections in October 2020. At the same time, Defendant also reports that the account was opened in June 2020. This representation to Experian were false and deceptive because both the payment history and the date the alleged account was supposedly opened is a blatant contradiction.

34. On or around October 16, 2020, Plaintiff reviewed his personal credit file maintained by Trans Union LLC, ("Trans Union") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

35. Defendant's representations to Trans Union are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

36. Within the Trans Union report, Defendant reported the loan type of the alleged account is Collection Account/Attorney. Defendant's representation to Trans Union was false and deceptive because Defendant insinuates that Plaintiff applied for a loan with the Defendant.

37. CAC's reporting to Trans Union, in regards to the loan type is patently false because there is no credit agreement or contract between CAC and the Plaintiff.

38. Additionally, and more disturbing, within both the Experian and Trans Union reports, CAC had no qualms about reporting medical information about the Plaintiff, i.e. that the original alleged account was an Emergency Medical Service (EMS) company.  The fact that Plaintiff had to partake the services of an ambulance company should not be reported because that is not relevant to Plaintiff's creditworthiness and that information is private medical information to the Plaintiff only.  The fact that Plaintiff's medical information is broadcast on his credit reports raises serious cause for concern about Plaintiff's privacy rights.

39. CAC has continued its collection efforts by its false and deceptive representations to Experian and Trans Union.

40. CAC's false and deceptive representations to Experian and Trans Union have damaged the Plaintiff in that Plaintiff's credit profile is tainted and his debt to income ratio is severely affected, which have adversely affected his credit standing which has hindered his ability to apply for and benefit from credit.

41. Consequently, Defendant has maliciously sought to collect the debt from the Plaintiff.

42. Defendant's actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

## **ALLEGATIONS OF LAW**

43. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false,

confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

44. CAC's collection activity on these occasions was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692f and 1692f(1), amongst others.

45. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

46. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

47. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

48. Plaintiff was damaged by the Defendant's conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

49. As per the FDCPA, Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

## COUNT I

### Violations of § 1692d of the Fair Debt Collection Practices Act

50. Plaintiff adopts and realleges the foregoing as fully stated herein.

51. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

52. Defendant's oppressive and abusive conduct has created the false narratives that:

    a.  It is the original creditor that Plaintiff opened the account that resulted in the alleged debt with;

    b.  The account is a new account in order to extend the length of time the derogatory account can appear on Plaintiff's credit report;

    c.  That Plaintiff had an agreement or account with Defendant by reporting to the credit bureaus false and deceptive credit information;

53. Defendant intentionally and negligently misrepresented to Experian and Trans Union false and deceptive credit information of a debt in order to coerce payment of a debt Defendant knew Plaintiff did not owe.

54. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, stress, anxiety, out-of-pocket expenses, and a tainted credit profile and severely affected debt to income ratio which has gravely hindered his attempts to apply for and benefit from credit.

55. Defendant's violation of § 1692d of the FDCPA render it liable for statutory damages, actual damages, costs, and reasonable attorneys' fees.

56. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II

### Violations of § 1692e of the Fair Debt Collection Practices Act

57. Plaintiff adopts and realleges the foregoing as fully stated herein.

58. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See, 15 U.S.C. § 1692e.*

59. Defendant's false and deceptive means to collect the alleged debt included:

   a. Forwarding to Experian and Trans Union false and deceptive credit information in order to coerce payment of a debt Defendant knew Plaintiff did not owe;

   b. Reporting prohibited medical information about the Plaintiff that is not relevant to Plaintiff's creditworthiness;

60. A representation is "deceptive" under section 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

61. There are multiple judicious interpretations of Defendant's violation of §1692e in this case at bar. Defendant's communications can be construed as:

   a. It is the original creditor that Plaintiff opened the account that resulted in the alleged debt with;

     b.  The account is a new account in order to extend the length of time the derogatory account can appear on Plaintiff's credit report;

     c.  That Plaintiff had an agreement or account with Defendant by reporting to the credit bureaus false and deceptive credit information.

62. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, stress, anxiety, out-of-pocket expenses, and a tainted credit profile and severely affected debt to income ratio which has gravely hindered his attempts to apply for and benefit from credit.

63. Defendant's violation of § 1692e of the FDCPA render it liable for statutory damages, actual damages, costs, and reasonable attorneys' fees.

64. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **COUNT III**

### **Violations of § 1692e(2) of the Fair Debt Collection Practices Act**

65. Plaintiff adopts and realleges the foregoing as fully stated herein.

66. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692e(2).*

67. Defendant's violations of § 1692e(2) include:

a.   Purposefully misrepresenting to Experian that it is the original creditor that Plaintiff opened the account that resulted in the alleged debt with, thus misrepresenting that there is a contract between the Plaintiff and CAC;

b.   Purposefully misrepresenting the character of the account; i.e. that it is a new account in order to restart the statutes of limitation and extend the length of time the derogatory account can appear on Plaintiff's credit report;

c.   Purposefully misrepresenting to Trans Union that Plaintiff had an agreement or account with Defendant by reporting to Trans Union, amongst other things, the loan type of the alleged account is Collection Account/Attorney. Defendant's representation to Trans Union was false and deceptive because Defendant insinuates that Plaintiff applied for a loan with the Defendant, thus has an agreement with CAC.

68. Collecting a debt which is not owing falls under misrepresenting the "character, amount, or legal status" of the debt. *See Finnegan v. University of Rochester Medical Center*, 21 F.Supp.2d 223 (W.D.N.Y. 1998).

69. Defendant, by its actions and conduct, knew or should have known that Plaintiff did not owe the alleged debt because there was no contract or agreement creating the debt because Defendant is not the original creditor.

70. Defendant misrepresented the amount and legality of the alleged debt and intentionally and negligently represented the alleged debt was a viable account that was collected by Defendant.

71. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, stress, anxiety, out-of-pocket expenses, and a tainted credit profile and severely

affected debt to income ratio which has gravely hindered his attempts to apply for and benefit from credit.

72. Defendant's violation of § 1692e(2) of the FDCPA render it liable for statutory damages, actual damages, costs, and reasonable attorneys' fees.

73. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT IV

## Violations of § 1692e(8) of the Fair Debt Collection Practices Act

74. Plaintiff adopts and realleges the foregoing as fully stated herein.

75. Section 1692e(8) of the FDCPA prohibits a debt collector from threatening or communication false credit information, including the failure to communicate that a debt is disputed. *See, 15 U.S.C. § 1692e(8).*

76. Defendant's violations of § 1692e(8) of the FDCPA, include, but are not limited to, intentionally and negligently misrepresented to Experian and Trans Union false and deceptive credit information of a debt in order to coerce payment of a debt Defendant knew Plaintiff did not owe.

77. More specifically, Defendant's conduct in violation of §1692e(8) were:

   a. Reporting to the credit reporting bureaus, namely Experian, that the account that created the alleged debt was opened on June 18, 2020.  Defendant's representations to Experian were false and deceptive because Defendant does not report this as the date the account was opened with the original creditor.

Defendant instead creates the false narrative that CAC is the original creditor that Plaintiff opened the account that resulted in the alleged debt;

b. Reporting false and deceptive representations to the credit reporting bureaus, namely, Experian, that the alleged account type was "collection". This representation to Experian was false and deceptive because "collection" is not an account type;

c. Reporting false and deceptive representations to the credit reporting bureaus, namely, Experian, that the alleged account that it went into collections in October 2020, while simultaneously reporting that the account was opened in June 2020.  This representation to Experian were false and deceptive because there is a contradiction between the payment history and the date the alleged account was opened;

d. Reporting false and deceptive representations to the credit reporting bureaus, namely, Trans Union that the loan type of the alleged account is Collection Account/Attorney. Defendant's representation to Trans Union was false and deceptive because Defendant insinuates that Plaintiff applied for a loan with the CAC;

78. CAC's reporting of false credit information brings to light CAC's practice of "re-aging", in which it creates the false narrative that the account is a new account in order to restart the statutes of limitation for collection and credit reporting, thus extending the length of time the derogatory account can appear on a consumer's credit report.

79. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, stress, anxiety, out-of-pocket expenses, and a tainted credit profile and severely

affected debt to income ratio which has gravely hindered his attempts to apply for and benefit from credit.

80. Defendant's violation of § 1692e(8) of the FDCPA render it liable for statutory damages, actual damages, costs, and reasonable attorneys' fees.

81. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT V

## Violations of § 1692e(10) of the Fair Debt Collection Practices Act

82. Plaintiff adopts and realleges the foregoing as fully stated herein.

83. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10).*

Defendant's violations of § 1692e(10) of the FDCPA, include, but are not limited to, intentionally and negligently misrepresented to Experian and Trans Union false and deceptive credit information of a debt in order to coerce payment of a debt Defendant knew Plaintiff did not owe. Defendant sought to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented the amount and legality of the alleged debt. Defendant intentionally and negligently represented that the alleged debt was a viable account which could be paid and collected.

84. More specifically, Defendant's conduct in violation of §1692e(10) include:

a.  Purposefully misrepresenting to Experian that it is the original creditor that Plaintiff opened the account that resulted in the alleged debt with, thus misrepresenting that there is a contract between the Plaintiff and CAC;

b.  Purposefully misrepresenting the character of the account; i.e. that it is a new account in order to restart the statutes of limitation and extend the length of time the derogatory account can appear on Plaintiff's credit report;

c.   Purposefully misrepresenting to Trans Union that Plaintiff had an agreement or account with Defendant by reporting to Trans Union, amongst other things, the loan type of the alleged account is Collection Account/Attorney. Defendant's representation to Trans Union was false and deceptive because Defendant insinuates that Plaintiff applied for a loan with the Defendant, thus has an agreement with CAC.

85. The Courts have assessed whether communications are false, deceptive, or misleading from the viewpoint of the "least sophisticated consumer". Employing the least sophisticated consumer standard "ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993).

86. Defendant's conduct aimed at the Plaintiff, the least sophisticated consumer were obviously misleading and deceptive in that, CAC created the false narrative that CAC is the original creditor that Plaintiff opened the account that resulted in the alleged debt, indicating to the Plaintiff that there was an agreement between Plaintiff and Defendant.

87. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, stress, anxiety, out-of-pocket expenses, and a tainted credit profile and severely

affected debt to income ratio which has gravely hindered his attempts to apply for and benefit from credit.

88. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, actual damages, costs, and reasonable attorneys' fees.

89. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **COUNT VI**

### **Violations of § 1692f of the Fair Debt Collection Practices Act**

90. Plaintiff adopts and realleges the foregoing as fully stated herein.

91. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

92. Defendant's unfair and unconscionable conduct has created the false narratives that:

    a. It is the original creditor that Plaintiff opened the account that resulted in the alleged debt with;

    b. The account is a new account in order to extend the length of time the derogatory account can appear on Plaintiff's credit report;

    c. That Plaintiff had an agreement or account with Defendant by reporting to the credit bureaus false and deceptive credit information;

93. The least sophisticated consumer standard is used to determine whether a practice is unfair or unconscionable. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200–01 (11th Cir. 2010); cf. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237 (2d Cir. 1998).

94. Defendant intentionally and negligently misrepresented to Experian and Trans Union false and deceptive credit information of a debt in order to coerce payment of a debt Defendant knew Plaintiff, the least sophisticated consumer, did not owe. Defendant's conduct was unfair and deceptive.

95. CAC's reporting of false credit information brings to light CAC's practice of "re-aging", in which it creates the false narrative that the account is a new account in order to restart the statutes of limitation for collection and credit reporting, thus extending the length of time the derogatory account can appear on a consumer's credit report. Defendant's conduct aimed at Plaintiff, the least sophisticated consumer, was unconscionable.

96. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, stress, anxiety, out-of-pocket expenses, and a tainted credit profile and severely affected debt to income ratio which has gravely hindered his attempts to apply for and benefit from credit.

97. Defendant's violation of § 1692f of the FDCPA render it liable for statutory damages, actual damages, costs, and reasonable attorneys' fees.

98. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VII

### Violations of § 1692f(1) of the Fair Debt Collection Practices Act

99. Plaintiff adopts and realleges the foregoing as fully stated herein.

100. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692f(1).*

101. Defendant's conduct in violation of § 1692f(1) of the FDCPA include:

a. Purposefully misrepresenting to Experian that it is the original creditor that Plaintiff opened the account that resulted in the alleged debt with, thus misrepresenting that there is a contract between the Plaintiff and CAC;

b. Purposefully misrepresenting the character of the account; i.e. that it is a new account in order to restart the statutes of limitation and extend the length of time the derogatory account can appear on Plaintiff's credit report;

c. Purposefully misrepresenting to Trans Union that Plaintiff had an agreement or account with Defendant by reporting to Trans Union, amongst other things, the loan type of the alleged account is Collection Account/Attorney. Defendant's representation to Trans Union was false and deceptive because Defendant insinuates that Plaintiff applied for a loan with the Defendant, thus has an agreement with CAC.

102. By its actions and conduct, Defendant misrepresented the amount and legality of the alleged debt and intentionally and negligently represented the alleged debt was a viable account that was collected by Defendant. Defendant knew or should have known that there was no contract or agreement creating the debt because Defendant is not the original creditor. Defendant's actions were false representations of the character, amount and legal

status of the alleged debt. However, Defendant still continued its collection activity, knowing it had no legal right to do so. Defendant's actions are clearly not permitted by law.

103.     Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, stress, anxiety, out-of-pocket expenses, and a tainted credit profile and severely affected debt to income ratio which has gravely hindered his attempts to apply for and benefit from credit.

104.     Defendant's violation of § 1692f(1) of the FDCPA render it liable for statutory damages, actual damages, costs, and reasonable attorneys' fees.

105.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VIII

## Violations of the New York General Business Law § 349

106.     Plaintiff adopts and realleges the foregoing as fully stated herein.

107.     Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

108.     Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, intentionally engaging in collection activity to collect a debt that is not owed. Defendant intentionally and negligently misrepresented to Experian and Trans Union, false and deceptive credit information of a debt in order to coerce payment of a debt Defendant knew Plaintiff did not owe. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that were tantamount to false and deceptive representations and false and

deceptive means to collect the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

109.     Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented that it is the original creditor that Plaintiff opened the account that resulted in the alleged debt with, that the account is a new account in order to extend the length of time the derogatory account can appear on Plaintiff's credit report and that Plaintiff had an agreement or account with Defendant by reporting false credit information to the credit bureaus. By its actions and conduct, Defendant misrepresented the amount and legality of the alleged debt and intentionally and negligently represented the alleged debt was a viable account that was collected by Defendant. Defendant knew or should have known that there was no contract or agreement creating the debt because Defendant is not the original creditor. Defendant's actions were false representations of the amount of the character, amount and legal status of the alleged debt. However, Defendant still continued its collection activity, knowing it had no legal right to do so. Defendant's actions are clearly not permitted by law and were false representations of the amount of the character, amount and legal status of the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

110.     Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, stress, anxiety, out-of-pocket expenses, and a tainted credit profile and severely affected debt to income ratio which has gravely hindered his attempts to apply for and benefit from credit.

111.     Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

112.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Andrew Todd Kanfer prays that this Court:

a.   Declare that Defendant violated the FDCPA;

b.   For an award of actual and treble damages pursuant to 15 U.S.C. §1692k against the  Defendant and for Plaintiff;

c.   Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

d.   Declare that the Defendant violated the NY GBL;

e.   Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f.   Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g.   Grant such further relief as deemed just.

## <u>JURY DEMAND</u>

Plaintiff, Andrew Todd Kanfer demands trial by jury.

Dated: January 19, 2021

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212)  766-3322
abel@apierrelaw.com
**Attorney for Plaintiff**